Bay, J.
Where money is to be paid, the obligor is to tender it at his peril ; but in case's of mutual covenants, where there are reciprocal duties to be performed by each party, there the party alleging a breach, ought to shew that he was always willing and ready to perform what, on his part, he was obliged to do. But if, on the contrary, he is not ready, or if he be the means of preventing it from being done, he shall not be permitted to come into a court of justice, and take advantage of his own laches or neglect. Even in cases where the covenants are not reciprocal, as wheré bulky or heavy commodities are to be delivered, the covenantor is not obliged to carry them about with him. It is sufficient if he inquire, and request of the. other party, to know where he would wish to have them delivered ; and if he refuse to point out a place for their delivery, it is his own fault. From these principles the jury must judge of the case. If the plaintiff had been ready on the 1st of April, 1781, and always since, to receive the property mentioned in the condition of the bond, and also to have nominated an appraiser, to fix a valuation on them ; or if he had nominated an agent for that purpose, who had also been ready, then there can be no doubt but he would be entitled to a verdict for the whole amount of principal and interest. But, on the *239 mntrary, if they shall be of opinion that the plaintiff was not ready on the day the contract was to have been performed, or at any time since, or that he had left the country without appointing an agent to act for him, or if that agent was mot known to the defendant, then it is clear that he himself was to blame, and he is obliged to take the consequences. Even if he had left an agent — if such agent, so -many years after the time fixed for performance had expired, had not appointed a time and place for performance, Still the blame must rest on his shoulders.
Carnes and Harper, for plaintiff.
I)esaussure and Ramsay, for defendants»
The jury returned a verdict in favour of the plaintiff, for §50/. old currency.